NO. 28873

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PETER C. JONES, Plaintiff/Counter Claim Defendant/Appellee,
v. CHRISTOPHER F. CARROLL, Defendant/Cross-Claimant/Appellant;
MAUI CLASSIC CHARTERS, INC., a Hawai'i corporation,
Defendant/Counterclaimant/Cross-Claim Defendant/Appellee;
and SAMUEL DAKIN, Defendant/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 96-0834(3))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant/Cross-Claimant/Appellant Christopher F.
Carroll (**Carroll**) appeals from the Final Judgment Re: Amended
Crossclaim of Defendant Christopher Carroll filed on November 6,
2007 (**Judgment**), in the Circuit Court of the Second Circuit
(**Circuit Court**).[1] The Circuit Court entered judgment against
Carroll and in favor of Defendant/Counterclaimant/Cross-Claim
Defendant/Appellee Defendant Maui Classic Charters, Inc. (**MCC**) on
all claims asserted in Carroll's November 2, 2006 amended cross-
claim against MCC (**Cross-Claim**).

The Cross-Claim alleges:

1. Plaintiff PETER C. JONES filed a Complaint
against CARROLL and MCC, the allegations of which are
incorporated herein by reference.

2. At the time of the filing of the Complaint
herein, throughout the trial and appellate phases of this
litigation, CARROLL was a duly elected director of MCC.

3. Hawaii Revised Statutes §414-242 and §414-245
provides that a director may be indemnified for the expense
and costs of litigation.

---

[1] The Honorable Joseph E. Cardoza presided.

> 4.    CARROLL provided personal and professional guidance to MCC and to counsel for MCC during litigation in this action.
>
> 5.    CARROLL is entitled to payment from MCC for his fees and costs.
>
> WHEREFORE, COUNTER-CLAIMANT CHRISTSOPHER [sic] F. CARROLL prays that the Court enter judgment in his favor and against MCC for reasonable attorney's fees, expense and costs, and further relief as the Court deems just under the circumstances.

In sum, the Cross-Claim seeks:  (1) indemnification from MCC for the expenses and costs that Carroll incurred as a defendant in the underlying suit; and (2) payment for attorney's fees and costs for services allegedly provided by Carroll to MCC during litigation in this action.

After earlier filing an answer to the Cross-Claim, on April 20, 2007, MCC filed a motion to dismiss the Cross-Claim for failure to state a claim upon which relief can be granted. Although denominated as a motion to dismiss, MCC's motion cited Hawai‘i Rules of Civil Procedure (**HRCP**) Rule 56, as well as HRCP Rules 12(b)(6) and 12(c), and sought, alternatively, the entry of summary judgment in favor of MCC and against Carroll.  On July 6, 2007, the Circuit Court entered an order granting MCC's motion. Thereafter, the Circuit Court also awarded attorney's fees in the amount of $3,414.08 and costs in the amount of $57.84 in favor of MCC and against Carroll.

On appeal, Carroll raises the following points of error:

1.    The Circuit Court erred in granting MCC's motion to dismiss; and

2.    The Circuit Court erred in awarding attorney's fees and costs to MCC as the prevailing party on the Cross-Claim.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Carroll's points of error as follows:

1.    In support of his contention that the Circuit Court erred in granting MCC's motion to dismiss or, in the alternative, for summary judgment, Carroll argues:  (1) the motion was untimely because it was filed five months after the answer to the Cross-Claim; (2) the January 29, 2002 Memorandum Opinion entered by the Intermediate Court of Appeals (**ICA**) regarding the case-in-chief did not preclude the Cross-Claim for indemnification or equitable compensation; (3) the movant did not meet its burden under HRCP Rule 56; (4) there were genuine issues of material fact precluding summary judgment; and (5) Carroll should have been granted relief pursuant to HRCP Rule 56(f).

We reject Carroll's argument that MCC's motion was untimely.  HRCP Rule 12(h)(2) provides:  "A defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."  HRCP Rule 56(b) provides:  "[A] motion seeking relief under this rule shall be filed and served no less than 50 days before the date of the trial unless granted permission by the court and for good cause shown."  Notwithstanding the HRCP Rule 12(b) language that a "motion making any of these defense shall be made before pleading if a further pleading is permitted[,]" MCC's motion was clearly within the time period otherwise allowed pursuant to Rules 12 and 56.

On Carroll's second argument, although not dispositive of the issues presented on this appeal, we agree that the ICA's earlier Memorandum Opinion did not preclude Carroll's cross-claim for indemnification and equitable compensation.  With respect to Carroll's attorney's fees and costs incurred in the case-in-chief, this court concluded that Carroll was not entitled to attorney's fees and costs from the plaintiff under a provision of a 1993 agreement because Carroll was not a part to that agreement, and Carroll was not entitled to an award as a

"prevailing party" because Carroll lost on the declaratory judgment cause of action, which was the only claim to which he was a party. In short, this court previously ruled that Carroll was not entitled to attorney's fees and costs from the plaintiff, and did not address whether Carroll might be entitled to payment from MCC. Certain aspects of the court's prior decision, nevertheless, are helpful to an understanding of the underlying claims for which Carroll seeks indemnification of his litigation expenses.

We consider Carroll's third and fourth arguments together, as both of them pertain to the Circuit Court's summary judgment ruling in favor of MCC. The Hawai'i Supreme Court has articulated that:

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Kahale v. City and County of Honolulu, 104 Hawai'i 341, 344, 90 P.3d 233, 236 (2004) (citation omitted).

The evidentiary standard required of a moving party in meeting its burden on a summary judgment motion depends on whether the moving party will have the burden of proof on the issue at trial. Where the moving party is the defendant, who does not bear the ultimate burden of proof at trial, summary judgment is proper when the nonmoving party-plaintiff --

> fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is entitled to judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on

4

> an essential element of [his or] her case with respect to which [he or] she has the burden of proof.

Exotics Hawai'i-Kona, Inc. v. E.I. Du Pont de Nemours & Co., 116 Hawai'i 277, 302, 172 P.3d 1021, 1046 (2007) (citations, internal quotation marks, brackets, and ellipses omitted).

Viewing the evidence and the inferences therefrom in the light most favorable to the nonmoving party, which we must do, we conclude that the Circuit Court did not err in granting summary judgment in favor of MCC. See, e.g., Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 105 (2008). Carroll seeks damages from MCC on two different grounds. First, Carroll argued that, as a director of MCC, he was entitled to indemnification from MCC under Hawaii Revised Statutes (**HRS**) §§ 414-242 and 414-245. As argued by MCC, neither of these statutes was enacted at the time that the plaintiff brought suit against MCC and Carroll. Even if these statutes were applicable to this case retroactively, they would not support Carroll's claims for indemnification. HRS § 414-242 is merely permissive and does not require indemnification of a director. HRS § 414-245 provides, in relevant part:

> **Court-ordered indemnification and advance for expenses.** (a) A director who is a party to a proceeding because the director is a director may apply for indemnification or an advance for expenses to the court conducting the proceeding or to another court of competent jurisdiction. After receipt of an application and after giving any notice it considers necessary, the court shall:
>
> (1) Order indemnification if the court determines that the director is entitled to mandatory indemnification under section 414-243;
>
> (2) Order indemnification or advance for expenses if the court determines that the director is entitled to indemnification or advance for expenses pursuant to a provision authorized by section 414-249(a); or
>
> (3) Order indemnification or advance for expenses if the court determines, in view of all the relevant circumstances, that it is fair and reasonable:
> (A) To indemnify the director; or

Carroll is not entitled to indemnification under HRS § 414-245(a)(1) because, *inter alia*, the plaintiff prevailed against Carroll on the declaratory judgment claim, and HRS § 414-243 mandates indemnification only if, *inter alia*, a director is "wholly successful" in his or her defense.

The Circuit Court did not err in concluding that Carroll is not entitled to indemnification under HRS § 414-245(a)(2) because, *inter alia*, there is no genuine issue of material fact raised concerning whether Carroll was sued as a shareholder and a signatory of a 1983 stock redemption agreement, and not "by reason of his being" a director of MCC, as required for indemnification under the statute and the MCC bylaws.  In support of summary judgment, MCC pointed to the language of the underlying complaint and the issues raised in the plaintiff's claim for declaratory relief (the only claim brought against Carroll), which sought a declaration that the 1983 stock redemption agreement terminated by its own terms and, accordingly, MCC and Carroll were not entitled to purchase plaintiff's shares in MCC at their "book value."  With its reply memorandum, MCC also submitted a declaration from the plaintiff's attorney who stated, without qualification, that the only claim against Carroll was the claim for declaratory relief against Carroll in his capacity as a shareholder and party to the 1983 stock redemption agreement.  Upon review, the Declaration of Carroll and the exhibits submitted in opposition to summary judgment do not raise a genuine issue of material fact as to the nature of the claim against Carroll.  Likewise, the mere mention of Carroll's status as a director of MCC, in a recital in the complaint, does not change the substance of the claim against Carroll.  Accordingly, the Circuit Court did not err in granting summary judgment against Carroll on this aspect of his claim for indemnification.

We also reject Carroll's contention that the Circuit Court erred in granting summary judgment on Carroll's claim for equitable compensation for services he provided "to MCC and to counsel for MCC *during litigation in this action*." The parties agree that Carroll was not counsel of record for MCC, there is no contractual basis for an award of compensation to Carroll, and that Carroll had a conflict of interest that precluded him from representing MCC. In his opening brief, Carroll argues that: "Equity and fairness require that the court should at least look at the evidence before deciding such a claim." Upon review of the evidence submitted in opposition to MCC's motion, we conclude that Carroll failed to raise a genuine issue of material fact concerning his claim that he was entitled to equitable compensation from MCC. There is no evidence that his efforts as a self-represented party were not principally, or at least partially, for his own benefit. In addition, the only statements of accounts submitted to the Circuit Court and showing services to MCC were for periods prior to the litigation and no evidence was submitted of the time and value of services purportedly rendered to MCC during the litigation. Finally, none of the authorities cited by Carroll support equitable compensation under circumstances in which the lawyer and the person or entity benefitted by the lawyer's actions agreed that the lawyer was not acting as that person or entity's lawyer due to an admitted conflict of interest *and* the lawyer's services were necessary to his own defense in the case. We conclude that the Circuit Court did not err in granting summary judgment in favor of MCC on Carroll's claim for equitable compensation.

Finally, we reject Carroll's argument that the Circuit Court abused its discretion in denying his request for further discovery pursuant to HRCP Rule 56(f). Carroll merely recited the language of Rule 56(f) and failed to demonstrate how a postponement would enable him to rebut MCC's showing of an

7

absence of a genuine issue of material fact. <u>See</u>, <u>e.g.</u>, <u>Acoba v. General Tire, Inc.</u>, 92 Hawai'i 1, 9-10, 986 P.2d 288, 296-97 (1999).

2. As Carroll's second point of error is based on the same grounds as his first point of error, for the foregoing reasons, we conclude that the Circuit Court did not err in awarding MCC attorney's fees as the prevailing party on the Cross-Claim.

Accordingly, we affirm the Circuit Court's November 6, 2007 Judgment.

DATED: Honolulu, Hawai'i, April 26, 2010.

On the briefs:

Christopher F. Carroll
Pro Se Defendant/
Cross-Claimant/Appellant

Judith Neustadter-Naone
for Plaintiff/Counter Claim
Defendant/Appellee
PETER C. JONES

Edward C. Kemper
for Defendant/Counterclaimant/
Cross-Claim Defendant/Appellee
MAUI CLASSIC CHARTERS, INC.

Presiding Judge

Associate Judge

Associate Judge

8